IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2016 MAR 23 A 9:09
CLERK'S OFFICE
AT GREENBELT
BY_____ DEPUTY

**EASTERN REGIONAL MEDICAL CENTER, INC., et al.,**

　　**Plaintiffs,**

v.

**BARBARA WILLS, et al.,**

　　**Defendants.**

Case No.: GJH-15-0313

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiffs Eastern Regional Medical Center, Inc. ("Hospital") and Cancer Treatment Centers of America Professional Corporation of Pennsylvania ("PCP") have filed a Motion for Entry of Default Judgment against Barbara Wills and Habeba Wills-Ali. ECF No. 11. This Memorandum Opinion and accompanying Order address Plaintiff's request that the Court enter judgment by default against Defendants in the amount of $183,719.71, together with post judgment interest. ECF No. 11 ¶ 9–11; ECF No. 13 at 2. A hearing is unnecessary. Loc. R. 105.6 (D. Md. 2014). For the reasons stated below, Plaintiff's motion for default judgment is GRANTED, in part, and DENIED, in part.

**I.    BACKGROUND**

On February 11, 2013, Plaintiffs and Defendants agreed to a Patient and Insured Payment Agreement ("Payment Agreement"), ECF No. 1-1, for services rendered to Defendant Barbara Wills, ECF No. 11-2 ¶ 7. Plaintiffs agreed to provide medical treatment to Barbara Wills and Defendants agreed to pay over checks received from a third party payor, such as an insurance

company. ECF No. 1-1. Defendants also agreed to reimburse Hospital and PCP for the costs and expenses of enforcing the Payment Agreement and agreed "that Hospital and PCP shall have, in addition to all other rights, the right to file suit against Patient and Insured on the theory of conversion." ECF No. 1-1 ¶ 4. Plaintiffs assert that Wills's "health insurer(s) or health plan(s) has sent checks or drafts to Patient and/or Defendant as payment for the medical services provided by Plaintiffs." ECF No. 1 ¶ 15. Defendants have failed to pay for the treatment. ECF No. 11-2 ¶ 6.

Plaintiffs Eastern Regional and PCP filed a Complaint against Wills and Wills-Ali on February 4, 2015, alleging breach of contract, quantum meruit/unjust enrichment, and promissory estoppel. ECF No. 1 ¶¶ 19–44. Plaintiffs filed summons that were returned executed for both Defendants on February 25, 2015. ECF Nos. 5 & 6. Defendants were required to answer the Complaint by March 9, 2015, but failed to do so. *Id.* The Clerk filed an Entry of Default as to Habeba Wills-Ali and Barbara Wills on May 15, 2015. ECF Nos. 9 & 10. On August 7, 2015, Plaintiffs filed a motion for Default Judgment as to both Defendants, which included affidavits by John Nader and a declaration by Sheena Kauppinen. ECF No. 11. No response by the Defendants was received by the Court.

On February 18, 2016, the Court ordered Plaintiffs to supplement its motion for entry of default judgment "with a detailed explanation of how Plaintiffs arrived at the amount they are seeking." ECF No. 12. Plaintiffs responded by providing an explanation of how it came to its damages amount of $183,719.71 and attached an updated billing statement. ECF No. 14.

## II. DISCUSSION

Under Federal Rule of Civil Procedure ("Rule") 55(a), the Clerk must enter a party's default upon "a showing that a party against whom judgment is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). After the Clerk has entered a default, the Plaintiff may

2

seek a default judgment. *See* Fed. R. Civ. P. 55(b); *Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 540 (D. Md. 2011). The Fourth Circuit has a strong policy that cases be decided on the merits, but "default judgment is available when the adversary process has been halted because of an essentially unresponsive party." *Disney Enters., Inc. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006) (citation and quotation marks omitted). Whether a plaintiff is entitled to entry of a default judgment is left to the discretion of the Court. *Choice Hotels Int'l v. Savannah Shakti Corp.*, No. DKC-11-0438, 2011 U.S. Dist. LEXIS 123162, at *2 (D. Md. Oct. 25, 2011).

In considering a motion for default judgment, the Court "takes as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages." *Choice Hotels Int'l, Inc. v. Vishal, Inc.*, No. PWG-13-2078, 2014 U.S. Dist. LEXIS 160347, at * 6 (D. Md. Nov. 14, 2014) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)). "If the Court finds that 'liability is established, it must then determine the appropriate amount of damages.'" *Id.* at *7. Rule 54(c) provides that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

When there are multiple defendants, Rule 54(b) "authorizes entry of a final judgment as to one of multiple defendants in a civil action following an express finding that there is 'no just reason for delay.'" *Choice Hotels Int'l, Inc. v. Mander*, No. GJH-14-3159, 2015 U.S. Dist. LEXIS 53551, at *4 (D. Md. Apr. 22, 2015) (citing Fed. R. Civ. P. 54(b)). In actions charging multiple defendants with joint liability, "judgment cannot be entered against a defendant 'until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted.'" *Id.* A default judgment should not produce "logically inconsistent judgments resulting from an answering defendant's success on the merits and another defendant's suffering of a default judgment." *Jefferson v. Briner, Inc.*, 461 F. Supp. 2d 430, 434 (E.D. Va. 2006).

Here, accepting the well-pled allegations as true, the Court finds that the Plaintiffs have proven the following:

(a) Barbara Wills sought medical treatment from the Plaintiff. ECF No. 1 ¶ 7.

(b) In connection with this treatment, the Defendants entered the Payment Agreement with Plaintiffs. The Payment Agreement included provisions making Defendants liable to Plaintiffs for services rendered and requiring Defendants to endorse and deliver to the Hospital any checks and drafts received by a third party payor relating to services provided by Hospital or PCP. Id. ¶ 8.

(c) In reliance on the agreement, Plaintiffs provided medical service to Wills. Id. ¶ 12.

(d) Plaintiffs billed Defendants for the costs of the services. Id. ¶ 13.

(e) Wills's health insurer(s) or health plan(s) have sent checks or drafts to Defendants as payment for medical services provided by Plaintiffs. Id. ¶ 16.

(f) Defendants received those checks and have failed to endorse or deliver the checks to the Hospital as required by the Payment Agreement. Id. ¶ 17.

These allegations, which the Court accepts as true, clearly establish liability for Breach of Contract.[1] *See Turner v. JP Morgan Chase*, No. TDC-14-576, 2014 U.S. Dist. LEXIS 136332, at *8 (D. Md. Sept. 25, 2014) ("To establish a claim for breach of contract, 'a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation.'") (quoting *Taylor v. NationsBank, N.A.*, 365 Md. 166, 776 A.2d 645, 651 (2001)). Having found liability, the Court looks to the updated billing statement, ECF No. 14, which

---

[1] Count II is for the quasi-contractual claim of Quatum Meruit and Unjust Enrichment. "The general rule is that no quasi-contractual claim can arise when a contract exists between the parties concerning the same subject matter on which the quasi-contractual claim rests." *Truland Serv. Corp. v. McBride Elec., Inc.*, No. ELH-10-3445, 2011 U.S. Dist. LEXIS 45668, at *19 (D. Md. Apr. 27, 2011). As the Court has found that an enforceable contract existed here, Count II will be dismissed. Similarly, Count III is pled as an "alternative to recovery under breach of contract." ECF No. 1 ¶ 37. As the Court has found recovery is warranted under Counts I, Count III will be dismissed.

sufficiently establishes the amount owed by Plaintiffs. Accordingly, Defendants are ordered to pay $183,719.71, together with post judgment interest.

### III. CONCLUSION

For the reasons discussed, Plaintiffs' Motion for Entry of Default Judgment (ECF No. 11) is GRANTED, in part, and DENIED, in part. Counts II and III of the Complaint are dismissed. Judgment is entered for Plaintiffs on Count I. Defendants, jointly and severally, are ORDERED to pay Plaintiffs $183,719.71, together with post judgment interest. A separate Order follows.

Date: March 23, 2016

GEORGE J. HAZEL
United States District Judge